IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff | : : : : | No. 3:23cv650 (Judge Munley) |
| v. | : : | |
| PATRICK T. FALVEY, MICHAEL P. FALVEY, and JESSE M. FRAZER, Defendants | : : : | |

## MEMORANDUM

Before the court is a motion for judgment on the pleadings filed by Plaintiff Nationwide Property and Casualty Insurance Company ("Nationwide") in this declaratory judgment action relative to an automobile insurance policy. The motion is opposed by Defendant Jesse M. Frazer ("Frazer"). Having been briefed by Nationwide and Frazer, this matter is ripe for a disposition.

**Background**

This declaratory judgment action arises out of a motor vehicle accident on August 27, 2018 in Pike County, Pennsylvania. (Doc. 1, Compl. ¶ 10). The accident led to a lawsuit filed by Frazer in the Pike County Court of Common Pleas, Frazer v. Falvey, No. 681-2020, with claims asserted against both Patrick Falvey and Michael Falvey. (Id. ¶¶ 10, 12–14; see also Doc. 4-1, Compl. Ex. A). Frazer alleges that Patrick Falvey operated the vehicle that struck Frazer's

vehicle. (Doc. 4-1, Compl. Ex. A ¶¶ 4, 7). Michael Falvey owned the vehicle. (Id. ¶ 5). Accordingly, Frazer asserted a negligence claim against Patrick Falvey in the state court action. (Id. ¶¶ 11–19). Frazer also advanced four separate negligent entrustment claims against Michael Falvey premised upon different theories of liability. (Id. ¶¶ 20–41).

Nationwide issued an automobile insurance policy, No. 5837E931036, ("policy") naming Michael Falvey as the insured for a policy period beginning July 17, 2018 and ending on January 17, 2019. (Doc. 4-2, Pl. Ex. B). The policy provided limits of bodily injury liability of $100,000 for each person and $300,000 for each occurrence. (Doc. 1, Compl. ¶ 17). After the accident and in relation to the claims asserted by Frazer in the Pike County tort matter, the Falveys submitted a claim to Nationwide for defense and indemnification. (Id. ¶ 18). Nationwide alleges that it is currently providing a defense in the underlying action pursuant to the terms of the policy. (Id. ¶ 19). In the underlying litigation, however, Frazer contends that, under the policy, there are two (2) separate limits of $100,000 for a total of $200,000 in coverage. (Id.) Nationwide takes the position that there is only a single claim of bodily injury by Frazer, and thus the insurance company seeks a declaration that it owes no coverage in excess of $100,000. (Id. ¶¶ 21-28).

Frazer filed an answer to the complaint with a counterclaim. (Doc. 8). With his denials of Nationwide's relevant allegations, Frazer challenges that the policy attached to the complaint is the policy controlling this controversy. (Id. ¶¶ 16–17, 23–26). The counterclaim also avers: "Once the actual applicable policy is determined and proven, the Falveys will each be entitled to coverage under separate limits." (Id., Counterclaim ¶ 1).

Upon the filing of an answer by all defendants, Nationwide filed the instant motion for judgment on the pleadings. (Doc. 29). This motion is ripe for a decision.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Nationwide alleges that its principal place of business is in Columbus, Ohio. (Doc. 1, Compl. ¶ 1). Defendants are alleged to be citizens of the Commonwealth of Pennsylvania. (Id. ¶¶ 2–4, 8). Additionally, the amount in controversy exceeded $75,000 at the time this matter was commenced based on the insurance coverage at issue. Because complete diversity of citizenship exists among the parties and the amount in controversy exceeded $75,000 at the commencement of the action, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between . . . citizens of different states[.]"). As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**Analysis**

As noted above, Defendant Frazer disputes that the policy attached to Nationwide's complaint is the actual, bona-fide policy that governs the claims and defenses of the parties.

Frazer argues:

> The essential item to sustain a judgment based on purported policy terms is to establish the policy, authenticate the policy, demonstrate its existence, validity and application, and legally establish the terms of the insurance policy which [Nationwide] alleges control. In short, the movant must demonstrate that the policy which it alleges controls, actually does control.

(Doc. 31, Def. Frazer Br. in Opp. at 3).

Thus, the threshold question is whether the policy may be considered when ruling upon Nationwide's motion for judgment on the pleadings.

Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Pursuant to Rule 12(c), the trial court "must 'view the facts presented in the pleadings and the inferences to be drawn

4

therefrom in the light most favorable to the nonmoving party[,]' " and "judgment will not be granted 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290–91 (3d Cir. 1988)(quoting Soc'y Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir.1980)). "[I]n deciding a motion for judgment on the pleadings, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, as well as **undisputedly authentic documents** if the complainant's claims are based upon these documents." Wolfington v. Reconstructive Ortho. Assocs. II PC, 935 F.3d 187, 195 (3d Cir. 2019)(citation and internal quotation marks omitted)(emphasis added).  Moreover, '[w]hen a nonmoving defendant denies a material allegation in its answer, that denial creates a question of fact that prevents judgment on the pleadings." Citizens Ins. Co. of Am. v. Selective Way Ins. Co., 98 F. Supp. 3d 782, 788 (E.D. Pa. 2015)(citing Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc., 931 F.2d 1002, 1008 (3d Cir. 1991)).

Frazer's denials in his answer raise disputes of material fact regarding the applicability of the policy.  Frazer's answer also calls the policy attached to the complaint into dispute.  Accordingly, the motion for judgment on the pleadings will be denied.

## Conclusion

For the reasons set forth above, Nationwide's motion for judgment on the pleadings will be denied. An appropriate order follows.

Date: 10/21/24

JUDGE JULIA K. MUNLEY
United States District Court